UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAULETTA HIGGINS,

    Plaintiff,

v.                                                Case No:   6:14-cv-832-Orl-36TBS

HAMILTON COUNTY CHILD
PROTECTION SERVICE, KIM SEXTON,
ALEXANDRIA PATSFALL, JULIE
HARRISON, ERNEST LEE, MARJORIE
DAVIS, ERICKA DORITY, KACY EVES,
BRENDA ANTHONY, KRISTA LONG,
TIFFANY FREED, GLORIA CAMPBELL,
ALLISON MCWORTHER, KIM
HAFFORD, TAMIKA MOORE and
BRITTANIE DUDLEY,

    Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Affidavit of Indigency (Doc. 3), which the Court construes as a motion to proceed *in forma pauperis*. Upon due consideration I respectfully recommend that the district court **deny** the motion, **dismiss** the case, and **close** the file.

### Background

Plaintiff is suing Defendant – a state agency in Ohio, in federal court in Orlando, Florida, for a restraining order and emotional abuse. (Doc. 1). Plaintiff seeks to regain custody of her child and to have her pending child welfare case transferred to the Department of Children and Families in Orlando Florida. (Id.). On June 3, 2014, I

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

entered a report and recommendation in which it recommended that the district court delay ruling on Plaintiff's initial motion to proceed *in forma pauperis* and grant her fourteen days to amend her complaint. (Doc. 4). Plaintiff filed her amended complaint on June 11, 2014. (Doc. 6). On June 23, 2014, the district court (a) adopted the report and recommendation, (b) recognized Plaintiff's amended complaint as the operative complaint, and (c) deferred ruling on the motion for leave to proceed *in forma pauperis* until such time as the magistrate judge reviews the amended complaint. (Doc. 13)

### Discussion

Federal courts may allow an individual to proceed *in forma paperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review her complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Federal district courts are courts of limited jurisdiction. As a general matter, an action must be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Parties seeking to invoke a federal district court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction[2] or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-

---

[2] Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a).

1332.  A federal district court "has the obligation to review sua sponte whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case.  Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiff must also sufficiently plead the elements required for each cause of action alleged.  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief.  See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted); Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).

Plaintiff alleges that the Court has subject matter jurisdiction due to diversity and the existence of a federal question.  In an attempt to establish diversity jurisdiction, she summarily alleges that "[t]he amount of damages in controversy exceeds the jurist icon [sic] limits of the court."  (Doc. 6 at 9).  A conclusory allegation is insufficient to establish diversity jurisdiction.  See Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at * 1 (M.D. Fla. June 9, 2011); cf. Metro. Life Ins. Co. v.

Arrington, No. 5:08-cv-168-HL, 2008 WL 2223280, at *1 (M.D. Ga. May 22, 2008). Consequently, Plaintiff has failed to adequately plead diversity jurisdiction.

Plaintiff also avers that this case involves a federal question. Specifically, she alleges that "[t]his action is brought to redress grievance[s] protected by the United States Constitution through U.S.C. 42 & 1983 [sic]." (Doc. 6 at 8). I construe this as an attempt to allege a claim based on Section 1983. Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. The purpose of this statute "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The Court must therefore consider the specific federal rights Plaintiff claims she was deprived of by Defendants. Plaintiff alleges: destruction of evidence, based on the 14th Amendment right to due process (Count 1); battery and assault (Count 2); libel and slander (Count 3); conspiracy to deny due process (Count 5)[3]; intentional interference with prospective economic advantages (Count 6), breaches of fiduciary duty and legal malpractice (Count 7), and violations of civil rights and free speech (also Count 7). Of these counts, the only claims that purport to be based on a federal right are Counts 1, 5, and the second Count 7.

Count 1 alleges that Defendants violated Plaintiff's "14th amendment right to access the exculpatory material contained in [her] son['s] medical records . . .[t]he

---

[3] Plaintiff skipped the number "4" when numbering the counts in her complaint.

defendants' conduct was a violation of plaintiffs [sic] 14 amendment right to due process of the United States and constitution in violation of 42 U.S.C. &1983 [sic]." (Doc. 6 at 18). The Fourteenth Amendment provides in part that "no State shall deprive any person of life, liberty, or property, without due process of law[.]"   U.S. CONST. amend XIV.   Despite whether Plaintiff brings her claim pursuant to procedural or substantive due process rationale, she is still required to show that a constitutionally protected property or liberty interest is at stake.   See Amador v. Town of Palm Beach, No. 12-14567, 2013 WL 1748939, at *3 (11th Cir. April 23, 2013) (The Court recognized that the plaintiff must show that a "constitutionally protected property or liberty interest" was at stake to sustain his procedural due process claim.); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003); First Assembly of God of Naples, Fla., Inc. v. Collier Cnty, Fla., 20 F.3d 419, 423 (11th Cir. 1994); Wright v. Chattahoochee Valley Cmty. Coll., No. 3:06-cv-1087-WKW, 2008 WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008) ("To prevail on a substantive due process claim, a plaintiff must prove . . . the existence of a protected property or liberty interest.").

Plaintiff has not alleged that the exculpatory evidence she seeks is recognized by law to be a protected property or liberty interest.[4]   Her failure to identify a constitutionally-protected right is also fatal to her conspiracy claim (Count 5). Thus, the allegations in Counts 1 and 5 do not aver a basis for Section 1983 liability.

Plaintiff's allegation that Defendants violated her civil rights and free speech rights (the second Count 7) also fails.   First and foremost, to sustain a free speech claim a plaintiff is required to show that the speech is protected by the constitution.   See Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011); see also Woods v. Valentino, No. 5:05-

---

[4] Plaintiff has also failed to allege that this concept of exculpatory evidence extends to individuals other that a criminal defendant, which Plaintiff is not.

- 5 -

cv-394-OC-10GRJ, 2006 WL 1877102, at * 4 (M.D. Fla. July 6, 2006). Plaintiff has made no such showing and thus, her cause of action for violations of civil rights and free speech his baseless.

Plaintiff's remaining counts include an array of state-based claims and complaints, and I find no reason why the Court should exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3); <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).

### Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the Court **deny** Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 3), **dismiss** the case, and **close** the file.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    *Pro se* Plaintif
    Any other Unrepresented Parties